PHŒNIX INSURANCE COMPANY *against* WALDEN et al.

Where a note was made on the 7th January, 1808, and dated, by mistake, 7th January, 1807, the plaintiff may declare upon it according to its true date, without any averment of the mistake.

THIS was an action on a promissory note, brought by the first indorsee against the first indorser. The note was made on the 7th of January, 1808, and dated, by mistake, the 7th of January, 1807, payable eight months after date.

The declaration alleged the note to have been made on the 7th of January, 1808, without any averment of mistake, and did not state its actual date. The demand of payment, after the expiration of eight months, and the breach, were set forth in the common form.

*Colden*, for defendants. The note produced bears date the 7th of January, 1807, and, therefore, does not support the count, which alleges the note to have been made on the 7th of January, 1808.

*Emmet*, for plaintiffs, cited 3 Bos. & Pull. 173.

SPENCER, J. The date is not of the essence of the contract. The plaintiff may prove the mistake in the date, under this count, and show that the note was actually made on the day mentioned in the count.(1)

(1) This decision was acquiesced in by the counsel, and may, perhaps, be considered as supported by the case of *De La Courtier* v. *Bellamy*, 2 Shower

*Colden* and *Hopkins*, for defendants.

*Emmet* and *Jones*, for plaintiff.

422, and *Hague* v. *French*, 3 Bos. & Pull. 173, cited by the plaintiff's coun-
sel. In the case in Shower, which was an action on a bill of exchange, the
date of the bill was entirely omitted, but the time of drawing the bill was
averred, and all the other averments were correct, according to the tenor of
the bill produced in evidence; and, upon an exception taken that the date
of the bill was not set forth, the court said they would intend it dated at the
time of drawing it. The case in Bos. & Pull. was similar to the case in
Shower, and was decided on the authority of that case. It is true, that a
date is not essential to a bill; and, when it has no date, it will be sufficient
to say, in the declaration, that it was made on the day it issued, and to make
all necessary computations from that day. Chitty on Bills, 43. In a case
before Lord Ellenborough, at the sittings after May term, 1809, where the
declaration alleged, that the defendant, on, &c., made his certain bill of ex-
change in writing, bearing date the same day and year aforesaid, and the
real date of the bill was different, his Lordship held the variance to be fatal,
and non-suited the plaintiff. 2 Camp. N. P., 307, n. *ad finem*. When, there-
fore, the note has a date which is erroneous, the more prudent way to de-
clare, is as follows: "bearing date by mistake, the 7th January, 1807," when,
in truth and in fact, the said promissory note was, at the time of the making
thereof, meant, intended, and understood by the said defendant, and the said
plaintiff, to be dated on the 7th day of January, 1808. Vide 3 Chitty on
Pleading, p. 3; Chitty on Bills, (Am. ed.) 233, n. a. and *Hale* v. *Casenove*, 4
East. 477.